UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
CENTRAL DIVISON

| | |
|---|---|
| WILLIAM DENNIS KELLY, | ) |
| PLAINTIFF, | ) |
| VS. | ) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | ) Case No. 2:22-cv-2289 |
| Defendant. | ) |

## COMPLAINT

1. The Plaintiff, William Dennis Kelly, by and through undersigned counsel, Talia Ravis, files this complaint against Defendant The Prudential Insurance Company of America (hereinafter "Prudential").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, William Dennis Kelly brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

3. The Plaintiff, William Dennis Kelly, has at all times material hereto, been a citizen of Johnson County, Kansas.

4. Mr. Kelly is informed and believes that Defendant Prudential is a New Jersey for-profit corporation doing business in Johnson County, Kansas. Therefore, pursuant to U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. Prudential issued policy number G-50678-KS (the LTD policy") to Mr. Kelly's former employer, Sprint Corporation (hereinafter "Sprint"), for the benefit of Sprint employees, agreeing to pay Mr. Kelly, as a participant of Sprint's Long-term Disability Plan (hereinafter "The Plan"), long-term disability ("LTD") benefits in the event he became disabled and unable to work on a long-term basis.

6. Prudential is the claims administrator for the long-term disability policy.

7. The Plan is a group long-term disability employee benefit plan that provides LTD benefits to participants of The Plan in the event they become disabled on a long-term basis. The LTD benefit pays 60% of the employee's monthly earnings. The LTD benefits are payable as long as the participant remains totally and permanently disabled, through the later of age 65 or the employee's Social Security Normal Retirement Age.

8. Prudential actually insures the long-term disability coverage issued to Sprint.

9. Prudential is the payor of Plaintiff's long-term disability claim.

10. Prudential has a financial interest in Plaintiff's long-term disability claim.

11. Prudential has a conflict of interest in Plaintiff's long-term disability claim.

12. Mr. Kelly requests a trial on all issues triable, and designates Kansas City, Kansas, as its place of trial for this action.

## II. FACTUAL OBLICATIONS

**A. Vocational Information.**

13. Mr. Kelly began employment with Sprint in March of 1996.

14. Mr. Kelly worked as a Product Manager for Sprint.

15. Mr. Kelly's former occupation as product manager was a "sedentary" job, requiring frequent standing/walking (34-66% of the time) and continuous sitting (67-100% of the time).

**B.  The Definition of "Disability" Under The Plan.**

16.  According to the terms of the Plan, "Total Disability" and "Totally Disabled" are defined as:

*"You are disabled when Prudential determines that:*
- *You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and*
- *You are under the regular care of a doctor; and*
- *You have a 40% or more loss in your monthly earnings due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*
- *You are unable to perform the duties of any gainful occupation for which you are reasonably qualified by your education, training and experience; and*
- *Are under the regular care of a doctor.*

*The loss of a professional or occupational license or certification does not, in itself, constitute disability.*

*Prudential will assess your ability to work and the extent to which you are able to work by considering facts and opinions from:*

*Your doctors; and Doctors, other medical practitioners or vocational experts of our choice.*

*When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can required examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim."*

17. The Plan defines "Material and Substantial Duties" as follows:

*"**Material and substantial duti**es means duties that:*
- *are normally required for the performance of your regular occupation; and*
- *cannot reasonably be omitted or modified, except that if you are required to work an average in excess of 40 hours per week, Prudential will*

3

> *consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week."*

[LTD Plan document, pp. 11]

    18. The Plan defines "Regular Occupation" as follows:

*"**Regular occupation** means the occupation you are routinely performing when your disability beings. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location. To determine who your occupation is normally performed Prudential will review information provided by your Employer and determine an appropriate description of your job from the Dictionary of Occupational Titles."*
[LTD Plan document, pp. 12].

    19. The Plan defines "Gainful Occupation" as follows:

*"**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work that exceeds:*

- *60% of your **indexed monthly earnings**, if you are working, or*
- *60% of your monthly earnings, if you are not working.*

[LTD Plan Document, pp.13]

    **C.   Medical Information Supporting Plaintiff's Total Disability.**

    20.  In September of 2017, Mr. Kelly was forced to stop working due to the disabling effects of bile duct carcinoma and the associated impairments that resulted from treatment. Following this diagnosis, he received abdominal radiation and IV based and oral based chemotherapy.  Due to complications from the cancer, Mr. Kelly was forced to undergo a liver transplant in May of 2018.  Since that time, Mr. Kelly has suffered from HTLV-1 infection acquired through the donor liver and has experienced some liver rejection. In addition, he has also suffered from squamous cell carcinoma and received head and neck radiation to treat this second cancer. Furthermore, Mr. Kelly has had four severe episodes of sepsis/septic shock, which requires months of IV antibiotics.

21. As a result of these diagnoses, Mr. Kelly suffers from extreme fatigue, the inability to focus or concentrate, the inability to sleep, persistent low back pain, cognitive impairments, and depression, secondary to his physically disabling conditions.

22. Mr. Kelly's physicians have consistently held that he has remained totally disabled from the material and substantial duties of his regular occupation or any gainful occupation since he was forced to stop working in September of 2017, and that he continues to remain totally and permanently disabled today.

23. In April of 2018, the Social Security Administration awarded Mr. Kelly Social Security Disability benefits.  In approving his claim, the Social Security Administration determined that Mr. Kelly was unable to perform "any substantial gainful activity" as of September 15, 2017.

**D. Claim Information Under The Plan.**

24. In September of 2017, Mr. Kelly was no longer able to work due to the severity of his conditions.

25. In a letter dated February 27, 2018, Prudential approved Mr. Kelly's claim for long-term disability benefits and began paying him accordingly, acknowledging that he was disabled from performing the material and substantial duties of his regular, sedentary occupation as Product Manager.

26. After paying his claim for 14 months, and despite no change nor improvement in his condition, Prudential abruptly terminated Mr. Kelly's LTD claim in a letter dated May 21, 2019.  In the termination letter, Prudential alleged that Mr. Kelly was no longer functionally limited from performing the job of a Project Manager.

27. With the help of undersigned counsel, Mr. Kelly appealed the termination of his LTD benefits in a letter dated November 14, 2019.

28. As part of his appeal, Mr. Kelly submitted to Prudential evidence supporting the fact that he has remained totally disabled from working in any gainful occupation since September of 2017, that his condition is permanent, and that he has not improved in any way. Documentation submitted with the appeal letter included sworn statement testimony from Dr. Haseeb Ahmed, Mr. Kelly's treating internist, attesting to the fact that he is totally disabled; letter of support from Dr. Kevin Korenblat, Mr. Kelly's hepatologist, attesting to Mr. Kelly's disabling condition and why he cannot return to working; the results of a July 2019 Neuropsychological Evaluation in support of his inability to perform any gainful occupation; Social Security Disability Notice of Award letter; literature regarding Mr. Kelly's condition, and updated medical records showing continuous and consistent treatment for his disabling conditions.

29. In January of 2020, Prudential overturned the benefit denial and reinstated Mr. Kelly's claim.  In the letter overturning the denial, Prudential acknowledged that Mr. Kelly was disabled from his own occupation as a Project Manager, as well as "any gainful occupation" as defined by The Plan.  Specifically, the letter noted that The Plan's "gainful occupation" definition would be effective in March of 2020, and that "given the nature of his impairment, we have determined Mr. Kelly is eligible for benefits under the terms of this provision."

30. The letter also alleged that Prudential had determined that Mr. Kelly's claim was subject to The Plan's 24-month limitation for disabilities caused or contributed to by mental illness.

31. Then, after paying his claim for an additional 21 months, Prudential terminated Mr. Kelly's claim for the second time in a letter dated October 6, 2021.  In the second termination letter, Prudential alleged that Mr. Kelly is not physically disabled, and can return to working in his former occupation.

32. With the help of undersigned counsel, Mr. Kelly appealed the second termination of his LTD benefits in a letter dated April 5, 2022.

33. As part of his appeal, Mr. Kelly submitted to Prudential evidence supporting the fact that he has remained totally disabled from working in any gainful occupation since September of 2017 due to his physical impairments, that his condition is permanent, and that he has not improved in any way.  Documentation submitted with the appeal letter included Dr. Haseeb Ahmed's response to Prudential's termination of benefits, disagreeing with Prudential's reasons for denial; a letter from the Social Security Disability Administration dated April 13, 2021, stating that after a review of the evidence in Mr. Kelly's Social Security Disability claim file, it was determined that his disability is continuing; as well as updated medical records showing continuous and consistent treatment for his disabling conditions, and substantiating the fact that his condition has not improved in any way.

34. Despite this evidence, Prudential upheld the claim termination in a letter dated June 7, 2022.

35. The medical information in the claim file establishes that Mr. Kelly was entitled to receive long-term disability benefits under The Plan for the entire duration of the benefit period.

36. Mr. Kelly's physicians have consistently and continually reported that he remains totally disabled from working in any occupation.

37. Mr. Kelly provided significant proof of disability. Despite this proof, Prudential refused to pay his LTD benefits.

38. In terminating Mr. Kelly's LTD benefits, Prudential acted as a fiduciary in the administration of his claim.

39. Prudential breached its fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104, in failing to act for the exclusive benefit of Mr. Kelly and failing to act in accordance with the terms of The Plan.

40. Mr. Kelly has exhausted his administrative duties.

## **CLAIMS FOR RELIEF**

**COUNT 1:** **Wrongful Termination of Long-Term Disability Benefits.**

41. The foregoing paragraphs are hereby re-alleged and are incorporated herein by reference.

42. From September of 2017 until the present, Mr. Kelly has remained unable to perform the material and substantial duties of any gainful occupation.

43. Mr. Kelly has provided Prudential with substantial evidence verifying his total disability and eligibility for continued LTD benefits under The Plan.

44. Mr. Kelly's physicians have consistently reported that he is unable to work due to the seriousness of his conditions.

45. Prudential wrongfully terminated Mr. Kelly's claim for long-term disability benefits in violation of The Plan and ERISA.

46. Prudential has breached the terms of The Plan and violated ERISA by failing to pay disability benefit payments to Mr. Kelly at a time when Prudential knew, or should have known, that Mr. Kelly was entitled to those benefits under the terms of The Plan.

47. Mr. Kelly is informed and believes and thereon alleges that Prudential wrongfully terminated his LTD benefits under The Plan by other acts or omissions of which he is presently unaware, but which may be discovered in this future litigation and which he will immediately make Prudential aware of once said acts or omissions are discovered.

48. Following the termination of benefits under The Plan, Mr. Kelly exhausted all administrative remedies required under ERISA and/or demonstrated by Prudential's actions herein, attempts to pursue further administrative remedies would have bene futile.

49. Mr. Kelly has performed all duties and obligations on Mr. Kelly's part to be performed under The Plan.

50. As a proximate result of the aforementioned wrongful conduct of Prudential, Mr. Kelly has damages for loss of LTD benefits in a total sum to be shown at time of trial.

51. The wrongful conduct of Prudential has created uncertainty where none should exist; therefore, Mr. Kelly is entitled to enforce his rights under the terms of The Plan.

52. Prudential abused its discretion by wrongfully terminating Mr. Kelly's LTD benefits.

53. By terminating Mr. Kelly's claim despite a plethora of evidence supporting his eligibility for benefits under The Plan, Prudential terminated Mr. Kelly's claim in bad faith.

WHEREFORE, The Plaintiff, William Dennis Kelly, requests that this Honorable Court enter Judgment:

A. Finding that William Dennis Kelly is entitled to LTD benefits and order Prudential to pay all past due benefits and pay for future monthly benefits as they become due.

B. Award Mr. Kelly interest in the amount of past due benefits; which remain unpaid.

C. Award Mr. Kelly his attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

Dated: July 25, 2022

## DESIGNATION OF PLACE OF TRIAL

54. Mr. Kelly requests a trial on all issues triable, and designates Kansas City, Kansas, as its place of trial for this action.

Respectfully Submitted,

/s/Talia Ravis
Talia Ravis
KS Bar #22212
Law Office of Talia Ravis, P.A.
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955
800-694-3016 (fax)
talia@erisakc.com
Attorney for Plaintiff